WALLACE v. COLUMBIA, &c., RAILROAD COMPANY.

1. AMENDMENT OF COMPLAINT—TIME OF.—A complaint charging a railroad company with such negligent construction of its road-bed across a stream as to have injured plaintiff's lands, was deemed sufficient on Circuit, but on appeal was held to be defective.  Thereafter, on Circuit, and before

trial, plaintiff moved for and obtained leave to amend his complaint within twenty days, as he might be advised, the defendant being given twenty days after service to answer. The plaintiff thereupon amended his complaint by stating the facts which the Supreme Court had pointed out to be essential. *Held*, that there was no error in the order permitting amendments, and the distinction drawn between amendments before trial and those asked for at the trial.

2. AMENDMENT OF COMPLAINT—CONDITIONS.—There was no error, on the part of the Circuit Judge, in permitting an amendment without imposing as a condition the payment of costs.

3. RAILROAD CROSSING STREAM—DAMAGES—NON-SUIT.—There being some evidence, that a railroad had once crossed a stream in such a manner as not to obstruct the flow of water, but had afterwards, by driving piles and dumping in rocks, so affected the flow as to render plaintiff's lands unfit for cultivation, a non-suit moved for in action to recover damages for such injury to these lands was properly refused.

4. IBID.—IBID.—CHARGE TO JURY.—Where the evidence showed that the railroad had at one time so constructed its crossing of a stream as not to injure the land through which the stream flowed, but that its present structure did cause injury, the trial judge, after he had charged that a land-owner cannot recover for any damages that the construction of the road necessarily does to his land if the road is constructed in a careful way, did not err in further charging, that a railroad must be constructed with that degree of care that a man ought to exercise towards the rights of another— so to use his own as to do no injury to his neighbor. A charge must be considered as a whole, and with reference to the case made.

5. NEGLIGENCE—CHARGE TO JURY—CORRECTION.—There was no error in the trial judge saying to the jury, "I have no right to tell you what constitutes care or the want of care," as the charge shows that he only referred to the facts, having already defined negligence, and no special explanation of this instruction having been requested.


Before KERSHAW and FRASER, JJ., Fairfield, February and September, 1891.


This was an action by John Wallace against the Columbia and Greenville Railroad Company, commenced January 17, 1889. See 34 S. C., 62. So much of the charge to the jury as has any bearing upon the points raised by the appeal, was as follows:

There are certain injuries which the construction of a railroad does to land which the land-owner is entitled to compensation

for, under the act of the legislature.   The State owns what is
known as the right of eminent domain over all the lands within
its bounds.   The individual owns land subject to the right of the
State to take for public purposes, but that right of the State is
controlled by the Constitution to this extent: that it must be
taken upon the payment of ample compensation.   A man may
give this right of way, or it may be condemned under the act
of the legislature.   When a man gives the right of way, or the
land is condemned under the act of the legislature, and com-
pensation allowed on it, then the man has got all the pay he
can get for any damages that the construction of the road neces-
sarily does to his land, if the road is constructed in a careful
way.   Whenever the road is constructed carefully at other
places, yet when the road crosses a running stream, and the
water-ways are so carelessly constructed as to cause injury,
then the railroad company is responsible for that damage; but
it is on the ground of negligence, on the ground that they have
not constructed the road in a prudent and careful way—in a
reasonably careful and prudent way.

And it is not only the case that the railroad should be con-
structed to make a safe road for themselves, but it must be
with that degree of care that a man ought to exercise towards
the rights of another.   Every man has the right to use his own
as he pleases, but he must use it with that degree of care that
a man ought to exercise that he does no injury to his neighbor.
The damages alleged here are said to be damage which occur-
red to the land lying on two of these branches—land above the
railroad track and below the railroad track.   Whether any dam-
age has been done, or whether the railroad crosses the defend-
ant's land or not, is a question of fact for you.   As to whether
the railroad has been constructed carefully or not, you must
ascertain that from the testimony, and for that part of the case
you are responsible.   I have no right to tell you what consti-
tutes care or want of care.

There are a number of requests to charge here; I think I
shall dispose of them, and leave the question with you.   The
defendant's first request is, that the railroad company, under
its charter, was authorized and had a right to contract and

43—37

maintain over the branches that passed through the plaintiff's land, such trestles as may be necessary to make its road-bed and track safe and sufficient for its business and the operation of its road; and if, by reason of the construction and maintenance of such trestles, the property of the plaintiff is injured, the railroad company is not liable for such injury, unless it was negligent and unskillful in its construction and maintenance, or acted wilfully or in bad faith. With some qualification, which I shall read to you, I think that is good law.

Second. That the fact of the trestles of the railroad company injuring the land by backing and overflowing it, is not alone sufficient to make the company liable, but the plaintiff must go further, and show that it had done some act, or acts, which were improper and unskilfully and negligently done, and these acts did the injury complained of. Subject to the qualifications I shall give you, that is the law.

Third. That the railroad company have a right, in the exercise of its charter privileges, to determine in its own judgment as to what structures are safe and proper for its road-bed and business, and it cannot be held liable because it does not follow some other plan of constructing its trestles, provided the same have been built and maintained in the ordinary and usual manner of trestles over streams in this country, and it has not been negligent in its construction and maintenance. Well, I think that is very good law, but negligence is the absence of proper care. The care that a railroad company is bound to exercise is not only a care to make the railroad itself safe, but that the persons over whose lands the road passes should not receive any injury by it. A man is always bound to use his own property so as not to injure the property of another. The railroad company is not bound to use more care than necessary, but they are bound to use ordinary care and diligence in the construction of the road, to prevent injury. If the mode was not reasonably safe, then some other reasonably safe mode should be adopted. If the railroad did the only thing it could have done, then it wouldn't be responsible in this action or any other action. If it did the only thing it could do, it was not liable.

The jury found a verdict in favor of the plaintiff for $1,250, and defendant appealed.

*Messrs. John P. Thomas, jr.,* and *B. L. Abney,* for appellant.

*Messrs. Ragsdale & Ragsdale,* contra.

October 7, 1892.   The opinion of the court was delivered by

MR. JUSTICE POPE.   Upon the complaint being read, the defendant interposed an oral demurrer, that the allegations therein were not sufficient to constitute a cause of action, which being overruled, the defendant appealed.   This court held (34 S. C., 62), that the Circuit Court had erred.   Upon the cause being again called in the Circuit Court, the plaintiff, on due notice, moved for leave to amend his complaint, and, at the same time, the defendant moved to dismiss the complaint, and for leave to enter judgment for the costs and disbursements.   Judge Kershaw filed his order on the 27th February, 1891, as follows: "It appearing to the satisfaction of the court, that it would be in furtherance of justice to permit the amendment sought by the plaintiff, it is ordered, that the plaintiff have leave to amend his complaint in such particulars as he may be advised by counsel.   It is further ordered, that the complaint, as amended, be served upon the defendant within twenty days after the filing of this order, and that the defendant have twenty days thereafter within which to answer the same.   It is further ordered, that, on failure of the plaintiff to serve his said amended complaint within the time provided, that the complaint be dismissed, and that the defendant have leave to enter judgment for its costs and disbursements heretofore accrued and incurred."   From this order, the defendant gave notice of intention to appeal, but by written consent of the attorneys of record, the presentation of the questions underlying this appeal was postponed until the appeal from the final judgment should be heard.

1. Did the Circuit Judge err in the order granting leave to amend "as counsel for plaintiff may be advised?"   And, if he did not err in this particular, did he err in failing to require

the payment of costs as a condition precedent to such amendment? We will now briefly consider these objections. It may be remarked, that the plaintiff's cause of action was, that, owning a large plantation of land through which defendant's road-bed was constructed, defendant had so negligently constructed such road-bed, where it crossed a stream, known as Hunt's branch, at two separate points on plaintiff's land, that a large portion of the same became uncultivatable, because of defendant's negligence as aforesaid. This court, on the first appeal, held, that the allegations of the complaint were defective. When the case went back, it will be perceived that the *status* of the parties litigant was, that the complaint must be amended or, on failure to do so, an order dismissing the complaint must be made. The Circuit Judge, having taken the view, at the first trial, that the complaint was sufficient in its allegations, the plaintiff then had no necessity to apply for leave to amend. When, however, the action was remitted from this court to the Circuit Court, the question of the right of plaintiff to move for such amendments as he might desire was in no way passed upon by this court, except so far as such decision here made such a step necessary on the part of the plaintiff, in order to avoid a dismissal of his action by the Circuit Judge, if he failed to ask such relief. This being so, the plaintiff had a right to ask for leave to amend. When the Circuit Judge, in the exercise of his wise discretion in such cases, decided that the plaintiff should have leave to amend, there was no error, unless by his order he opened the door too wide for that purpose, or in not imposing terms as to payment of costs.

Now, was the order sufficiently guarded in its leave to amend generally? We think so, for these reasons: The Circuit Judge required the plaintiff to make his amendments in twenty days after his order, and with leave to defendant to answer within twenty days after service of the amended complaint. Very much of the trouble in understanding the cases decided by this court on the subject of amendments arises from a failure to grasp their application to the particular cases wherein such decisions were rendered. In other words, there is a failure to

distinguish between those cases where the plaintiff or defendant, as the case may be, is allowed to amend their respective pleadings *before trial*, on the one hand, and those cases where during *the pendency of the trial* such right is asked for, on the other hand. In the first class of cases, what difference is there if twenty days is allowed to answer an amended complaint, and an original complaint to be answered, the time for answering being the same in each case? If there be no difference, why should a plaintiff, when granted leave to amend his complaint, not be clothed with a general power of amendment? This is precisely what the Circuit Judge did. And the "Case" here shows no abuse by the plaintiff of the privilege of amendment accorded to him by the generous provisions of the judge's order for that purpose, for the complaint states with distinctness and definiteness, by its allegations, the facts that this court pointed out as necessary. *Hall* v. *Woodward*, 30 S. C., 574, and cases there cited. But should the Circuit Court have required the payment of costs as a condition precedent? We do not think so. Terms were in his discretion. We regard his order as very fair and just to the defendant.

2. After the defendant had answered the amended complaint, the cause came on for trial before Judge Fraser and a jury at the September term, 1891, of the Court of Common Pleas for Fairfield County. A verdict for the plaintiff having been rendered, judgment was duly entered thereupon, and the defendant now appeals to this court: I. Because the Circuit Judge erred in refusing defendant's motion for a non-suit. II. Because the presiding judge erred in charging the jury, with reference to the care required of the railroad company in the construction of its road, the following: "And it is not only the care that the railroad should be constructed to make a safe road for themselves, but it must be with that degree of care that a man ought to exercise towards the rights of another. Every man has the right to use his own as he pleases, but he must use it with that degree of care that a man ought to exercise that he does no injury to his neighbor." III. Because the presiding judge erred in charging the jury as follows: "I have no right to tell you what constitutes care or the want of

care," whereas, he should have defined what care was, and what was the want of care, and then left it to the jury to determine whether the facts proven in the case showed due care upon the part of the railroad company, or want of due care. IV. Because the presiding judge qualified the third request of the defendant, which was as follows: "3d. That a railroad company have a right, in the exercise of its charter privileges, to determine in its own judgment what structures are safe and proper for its road-bed and business, and it cannot be held liable because it does not follow some other plan of constructing its trestles, provided the same have been built and maintained in the ordinary and usual manner of trestles over streams in this country, and it has not been negligent in its construction and maintenance," in the following language: "The care that a railroad company is bound to exercise is only a care to make the railroad safe, but that the persons over whose lands the road passes should not receive any injury by it. A man is always bound to use his own property so as not to injure the property of another."

*First.* Was there error in refusing the non-suit asked for by defendant? It is now settled in this State, that a non-suit should only be granted when there is no evidence to support the complaint. *Hogg* v. *Pinckney*, 16 S. C., 397; *Miller* v. *Bolt, Ibid.*, 636; *Gilmore* v. *Roberts*, 18 *Id.*, 554. Was there any evidence given to support the complaint? Our examination of the "Case" convinces us that there was. It was charged and proved that the railroad formerly crossed the stream on defendant's lands by a bridge or trestle, whereby no injury was wrought to his lands; that in 1880 or 1882, the railroad threw rocks by the car load into the stream at such crossings, and drove large logs as piles into the stream at such crossing, whereby lands that had been cultivated by tenants with as many as twenty mules, yielding the plaintiff rent of about 500 bushels of corn per year before that time, became unused and unfitted for use; that complaint had been made by plaintiff to the railroad company of these injuries; that no heed had been given to his complaint by such railroad company. We cannot say, under these circumstances, that the aged gen-

tleman whose patrimony had thus been rendered a burden rather than a benefit to him, failed to produce any testimony to support his complaint.

*Second.* Was there error in the presiding judge's charge, as set forth in the second ground? This court, with an eye to the conduct of business in the lower courts, has laid down as a rule, that when we are called to consider allegations of error in the charge of a Circuit Judge, we will consider the whole charge and not detached portions. *Bauskett* v. *Keitt,* 22 S. C.. 187. The error here imputed to the judge will be clearly seen as wanting in vitality when the charge is considered as a whole. The Circuit Judge had in the clauses of his charge just preceding the quotation made in this ground of appeal shown to the jury, that in the instance of railroads when they acquire the right of way over the lands of another, either by proceedings under the statute to condemn the same, or by a gift from the owner of the land, "then the man has got all the pay he can get for any damages that the construction of road necessarily does to his land, if the road is constructed in a careful way." But the Circuit Judge continues in these words: "Whenever the road is constructed carefully at other places, yet when the road crosses a running stream, and the water-ways are so carelessly constructed as to cause injury, then the railroad company is responsible for that damage; but it is on the ground of negligence—on the ground that they have not constructed the road in a prudent and careful way, in a reasonably careful and prudent way. And it is not only the care that the railroad should be constructed to make a safe road for themselves, but it must be with that degree of care that a man ought to exercise towards the rights of another. Every man has the right to use his own as he pleases, but he must use it with that degree of care that a man ought to exercise that he does no injury to his neighbor."

This court has fixed another rule to be applied when error is alleged as to a charge of a Circuit Judge. "The correctness of a charge will be considered with reference to the case made, and not as an abstract proposition of law." *Brownlee* v. *Martin,* 21 S. C., 400. Now, what was the case made here to which the

charge must be applied? When Mr. Wallace established that at first when the railroad was constructed through his lands across the Hunt's branch, and up to the year 1880, he was able to cultivate successfully the lands above and below the points at which the railroad crossed such branch, and that the bridges or trestles at those crossings were never changed until 1880 or 1882, at which date piles were driven into the stream and car loads of rock thrown about such piles, which last acts of the railroad caused his misfortune; Mr. Niernsee, the civil engineer, testified that other modes of crossing the Hunt's branch could have been adopted by the railroad than the piles driven in the stream and such car loads of rock thrown therein. When, therefore, we consider that the quotation from the charge contained in the exception is a fragment or detached part, and does not correctly present the charge of the Circuit Judge, and, also, that the case as made by the pleadings and testimony present a proper case for such a charge to have been made, we are bound to conclude that there is no substantial error here.

*Third.* Was the charge of the judge erroneous under the third exception? It is very evident that the minds of the Circuit Judge and the appellant's counsel have not met and are not in accord as to the use of the word "constitute" in the charge of the Circuit Judge. The purpose of the former was to indicate to the jury that, by the Constitution of the State, he was inhibited from any expression of opinion as to the sufficiency of proof requisite to establish or to constitute "care" or "want of care," while that of the latter was that the Circuit Judge had declared that he was not allowed to define what in law constituted "care" or "want of care." By a reading of the charge, it will be seen that the Circuit Judge did not evade his duty in making known to the jury what was essential as to negligence. Indeed, in the quotation from the charge already made by us in connection with the second ground of appeal, it will be evident that such was the case. There was no request made to obtain such a charge as seems to have been desired by the appellant, and with our view of the meaning of the Circuit Judge as attached by himself to the language used and here complained of, we will overrule this exception.

*Fourth.* We regard the answer we have given to the questions involved in the second ground as conclusive of this objection.

When we construe the charge as a whole, and apply the charge to the case as made, we cannot perceive the error suggested by the appellant. We, therefore, overrule this exception.

It is the judgment of this court, that the judgment of the Circuit Court appealed from be affirmed.