PRIVETT v. WILMINGTON, COLUMBIA AND AUGUSTA R. R. CO.

1. DAMAGES—NUISANCE.—A RAILROAD COMPANY is not liable for damages to land from overflow caused by embankment erected by its predecessor, unless it has increased the obstruction.
2. PLEADING — AMENDMENTS — DEMURRER.—WHEN A COMPLAINT shows an intention to state certain facts, without which it is demurrable, the demurrer may be sustained, and leave granted by this Court to amend the complaint.

Before BENET, J., Horry, August, 1897.    Affirmed.

Action for damages for overflow of land by Mary E. Privett v. the Wilmington, Chadbourn and Conway Railroad Company, the Wilmington and Conway Railroad Company and the Wilmington, Columbia and Augusta Railroad Company.    The following are the paragraphs of the complaint brought in question:

IV. That some time during the year 1887, the Wilmington, Chadbourn and Conway Railroad Company constructed a railroad through the aforesaid premises of plaintiff, known as the Wilmington, Chadbourn and Conway Railroad, raising an embankment through her cultivated fields and across the said Maple Swamp, in such a manner and to such extent and dimensions as to obstruct the natural flow of water down said Maple Swamp, and changed the course and current thereof, by means of which obstruction of the drains in her said fields, and of the natural course and flow of water along said swamp, her fields have been overflowed with water to the great damage and depreciation of her lands and destruction of the crops growing thereon, all of which is caused by the erection and maintenance of the said railroad embankment, in such improper and unskillful and negligent manner

through the plaintiff's lands and across the said swamp, as to prevent the natural and usual flow of the water; and by reasons of which the plaintiff has been damaged to the sum of $2,500.   That the said obstruction has existed from the time of the erection of the said embankment till the present time, and the damage to plaintiff's property has been growing larger and larger each succeeding year.   That she has frequently brought the matter to the attention of the defendants, but they have wholly failed and refused to remedy the matter in any way, or to offer her the slightest relief. * * *

VI. That plaintiff is informed by the aforesaid affidavit of J. T. Barron, Esq., and alleges that the said railroad has, at some time since its construction, been bought by parties who organized under the name of the Wilmington and Conway Railroad Company, one of the defendants herein, and who afterwards sold the same, with all its rights and franchises, to the defendant, the Wilmington, Columbia and Augusta Railroad Company, who are now in possession and control of same, and who are maintaining and continuing the said embankment in the same or worse condition, and continuing thereby to overflow the plaintiff's lands and increasing the damage thereto day by day, and in the face of plaintiff's constant protest.

From judgment dismissing complaint on demurrer, plaintiff appeals.

*Messrs. F. D. Bryant* and *Thomas S. Moorman,* for appellant, cite: 15 S. C., 10; 47 S. C., 464; 13 Conn., 303; 44. Me., 154; 9 N. H., 88; 8 Bush., 404; 98 Mass., 39; 11 Minn., 15.

*Messrs. J. T. Barron* and *Johnson & Quattlebaum,* contra.   The former cites: 16 S. C., 567; 52 S. C., 404.

January 6, 1899.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal herein is from an order

sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that "there is no obstructions complained of, or that this defendant had increased said obstructions since it became the owner of the road." The reasons assigned by his Honor, the presiding Judge, for sustaining the demurrer satisfy this Court that he was not in error. But as there are allegations in the complaint tending to indicate that the plaintiff intended to state those facts, the absence of which rendered the complaint obnoxious to a demurrer, it is deemed advisable that the plaintiff should be allowed to amend so as to allege such facts.

It is, therefore, the judgment of this Court, that the order of the Circuit Court be affirmed—with leave, however, to the plaintiff to amend her complaint within twenty days from the time the remittitur is sent down, in the manner hereinbefore indicated; and that the remittitur be forthwith sent down.