Aug. 1, 1900. The opinion of the Court was delivered by
This appeal is from an order sustaining a demurrer to the complaint pleaded by the two last named defendants on the ground that as to them it failed to state facts sufficient to constitute a cause of action. The complaint alleges in substance that the Georgia, Carolina and Northern Railway Company in building its roadbed over a water course on plaintiff's land, negligently constructed a culvert too narrow to permit the volume of water to pass through without flooding, and thereby flooded plaintiff's land, injuring said land and destroying his crops. After alleging a lease of said railroad, c., by the G., C. 
N.R.R. Co. to the two last named defendants, and stating particulars and damages, the complaint alleges that said lessees since said lease "kept and maintained, with full knowledge of its unlawful and negligent construction and without any effort to remedy it, the culvert before named, to the continuous damage of this plaintiff, as above alleged." The complaint did not allege the placing of any obstruction over *Page 359 
said stream by the demurrants, nor the increase by them of the obstruction alleged to have been made by their lessor, nor did the complaint allege any demand upon the lessees for the removal of said obstruction.
The fundamental principle governing questions of this kind is that in order to constitute a cause of action, the complaint must show a delict or breach of duty by defendant violative of plaintiff's right. Therefore, in Hammond v.R.R. Co., 16 S.C. 574, the complaint was not demurrable because the allegations practically amounted to a statement, "That the defendant had obstructed the drainage of plaintiff's land by closing up certain ditches necessary to secure that end," such positive acts constituting the delict alleged. Hence, with reference to such a complaint, the Court held it error to charge the jury that defendant, the grantee, was liable for any damages caused by the failure to remove the obstruction caused by the acts of the former company, the grantors. So (as applied to the case before the Court in that action), the principle was announced that the mere failure of the grantee to remove obstructions placed by the grantor affords no cause of action against the grantee, the Court stated that "the plaintiff must go further, and show that by some act of the defendant, the plaintiff's system of drainage has been obstructed, or that the obstructions caused by the former company have been increased." But it should not be understood that Hammond's case meant to assert that in every action against the grantee for the continuance of a nuisance created by the grantor, it was essential to allege and show that the granteeincreased the obstructions constituting the nuisance. That is merely one way by which the delict of defendant may be shown, and was a proper way under the complaint in that case. We understand it also to be the law in this State, that the grantee or lessee of the creator of an obstruction constituting a private nuisance has no duty to remove said obstruction until after notice and demand for removal; but after such notice and demand, the continuance of the nuisance *Page 360 
becomes a nuisance, and the duty to remove or compensate arises. Elliott v. Rhett, 5 Rich., 420; Leitzsey v. WaterPower Co., 47 S.C. 476; Townes v. City Council, 52 S.C. 404. In such a case it would not be essential to allege the placing or the increasing of the obstruction by the grantee, since the delict could be shown by the continuance of the original nuisance after notice and demand for removal. But in the present case it was alleged that the lessor or grantor placed or created the obstructions, and it was not alleged that notice and demand for removal was made upon the grantee or lessee; therefore, it was not error to sustain the demurrer for failure to allege that the grantee or lessee increased the obstructions made by the grantor or lessor. The ruling of the Circuit Court is directly supported by the case of Privett v. R.R. Co., 54 S.C. 98, which was largely based upon the principles stated in Hammond v. R.R. Co.,supra.
After the dismissal of the action against the two demurring defendants, the plaintiff chose to proceed with the case against the Georgia, Carolina and Northern R.R. Co., and recovered a judgment for damages for the construction and maintenance of obstructions complained of, from which judgment there is no appeal. In such a case, it would not be proper to remand the case with leave to amend.
Judgment of the Circuit Court is affirmed.