## SHORES v. SOUTHERN RY.

1. RAILROADS—LESSOR AND LESSEE—NUISANCES.—Where lessee of a railroad company repairs a culvert built by its lessor, which repairs give way, lessee is liable for damages resulting.

2. IBID.—IBID.—EVIDENCE.—DAMAGES to land below a culvert caused by damming of the drain and breaking of obstruction may be shown by proof of effect of rainfall on lands above, by proof of kinds of crops raised on adjacent lands, and by cost of ditching required to put land in same condition as prior to overflow.

3. IBID.—IBID.—NUISANCES.—The lessor is responsible for damages caused by any defect in a culvert or embankment built by it, and not the lessee, unless he be notified to remove the obstruction, but if the lessee change materially the obstruction, the lessee is liable for any damage resulting therefrom.

4. CHARGE as to liability of lessee for damages resulting from changing culvert is not on facts nor does it express opinion of Judge.

5. NEW TRIAL.—There being evidence to sustain a verdict, trial Judge does not abuse his discretion by refusing new trial.

Before BUCHANAN, J., Spartanburg, fall term, 1903. Affirmed.

Action by W. L. Shores against Southern Railway Co. From judgment for plaintiff, defendant appeals.

*Mr. C. P. Sanders,* for appellant, cites: *Appellant is not liable for culvert built by lessor without demand to remove or unless it is too small:* 47 S. C., 476; 52 S. C., 404; 54 S. C., 98; 58 S. C., 359. *No liability for water flowing in natural way in natural channel:* 13 S. C., 99. *Value of crops which land may produce is not measure of damages to it:* 38 S. C., 289; 57 S. C., 190. *Cost of ditching cannot be shown by a witness who has not known land:* 65 S. C., 422. *Instructing jury what facts constitute negligence is error:* 29 S. C., 322; 41 S. C., 19; 69 S. C., 443; 25 S. C., 30.

*Mr. Horace L. Bomar,* contra, cites: *Liability of lessee for nuisance:* 58 S. C., 359. *Value of crops previously raised on land is one way of estimating damage to it:* Gentry v. R. R., 38 S. C.

July 28, 1905. The opinion of the Court was delivered by

Mr. Chief Justice Pope. This is an action for damages brought by plaintiff against the defendant. The complaint stated the cause of action as follows:

"3. That the plaintiff is seized in fee and possessed of a tract of land in said county and State, about one and one-half miles west of the town of Fairforest, on Foster's Meeting House Branch, containing 191 acres, more or less, fifteen or twenty acres of which are valuable bottom lands on said branch, and are situated about 300 yards below the point where defendant's line of railroad crosses said Meeting House Branch.

"4. That some time during or about the month of June, 1901, through the carelessness, negligence and unskillfulness of the defendant in not constructing and keeping proper culvert facilities for allowing the water in said Foster's Meeting House Branch, where the right of way of defendant's railroad crosses it, to flow through the fill under the defendant's track, the water in said stream, swollen by rains, became dammed by defendant's fill and culvert, making a great pond of water, which finally caused said fill to give way, washing said·lands of plaintiff, covering them with mud, sand, timber and other debris from said fill, all of which was and is to plaintiff's damage in the sum of $500."

"The answer of defendant was as follows:

"1. It admits the allegations contained in paragraphs one and two of the complaint, together with so much of paragraph four as alleges that a fill on defendant's line of road at or near Foster's Meeting House Branch was washed away along about the time mentioned in said paragraph.

"2. Answering paragraph three of the complaint, defendant says, it has no knowledge or information sufficient to form a belief as to the allegations therein contained, it, therefore, demands strict proof thereof.

"3. It denies each and every other allegation of the complaint, and says that if any damage came to plaintiff by reason of the fill washing out, it was caused by extraordinary

floods and freshets, and unprecedented rainfall, for which
this defendant is in no wise responsible."

The case came on for trial before Judge Buchanan and a
jury. After testimony of the plaintiff and its witnesses,
the defendant moved for a nonsuit, and this being refused,
it introduced its testimony. After the charge of the Judge,
the jury returned a verdict for plaintiff. A motion was then
made for a new trial, which being refused, the defendant
appealed on the following grounds:

"1. That his Honor erred in refusing the motion for a
nonsuit, the error being, as it is respectfully submitted: (1)
That as there was no testimony to sustain the allegations of
the complaint, or to show any liability on the part of the
defendant, the testimony clearly showing that the culvert and
embankment in question had been constructed and built
long before the defendant began to operate the railway, and
there being no evidence of any demand upon the defendant
to abate the alleged nuisance, and no refusal on its part so to
abate, and no evidence that the defendant had in any way
increased the alleged nuisance, the nonsuit ought to have
been sustained. (2) Because there was no evidence show-
ing that the culvert and embankment in question, in so far
as the plaintiff was concerned, was negligently or improperly
constructed.

"2. Because his Honor erred, in permitting testimony as
to the effects on other and different lands above the railway,
of this rainfall, and by water becoming backed on said lands
by reason of the stopping of the mouth of the culvert in
question. The error being, as it is respectfully submitted,
that this was to allow in testimony damages done other and
different lands, differently situated towards the defendant
than plaintiff's land was, thereby aiding in confusing the
issues in the minds of the jury, to the prejudice of the
defendant; and allowing the jury to consider damages to
other lands in order to estimate the damages that may have
been done to plaintiff's land.

"3. In permitting evidence in reply as to the kind of

crops which grew or were raised on other lands in other years. The error being, as it is respectfully submitted: a—That this evidence was not in reply to any evidence introduced by the defendant, thereby letting matters come before the jury unexplained and uncontroverted by the defendant. b—That such evidence was irrelevant as well as incompetent, it not being the proper way to prove the damages done the plaintiff's land. c—Because such evidence of damages was purely speculative.

"4. In permitting evidence in reply as to cost of ditching the land of plaintiff by witnesses, who did not testify that they knew the land before the alleged injuries. Such evidence not being in reply to anything introduced by defendant, and, besides, the same being matter of opinion and speculative, and not being either relevant or competent, there being no special damages alleged.

"5. Because his Honor erred in charging as follows at the request of the plaintiff: 'A wrongful obstruction of a water course by a railroad company makes the railroad company liable to land owners for all damages resulting therefrom.' The error being, as it is respectfully submitted, that such charge failed to define what was a wrongful obstruction of a water course, and besides tended to lead the jury to conclude that the defendant company would be liable, irrespective of the question and also overlooked the question of reasonable and ordinary care in constructing or maintaining such culvert.

"6. Because his Honor erred in charging and instructing the jury as follows: 'The question is, was the construction of the culvert facilities, taking into account the location and topography of the country, the current of the stream, and all conditions there, not whether it was constructed as such things may be usually constructed, imperfectly, but the way it was constructed by the Southern Railway Company here, and if it was constructed negligently, as alleged in the complaint, and if it was constructed as a man of ordinary care and prudence would have constructed it, or if they did not

construct it, then it was a nuisance created by somebody else, but if they maintained it after demand had been made upon them to remove it, or if there was no demand made upon them to remove it, did they increase it by their want of care, for the plaintiff must show that the facilities originally constructed, whether originally constructed by the defendant, or if not created by it, it must have increased it or maintained it, after request or demand to abate it had been made.' The error being, as it is respectfully submitted: a—That this was a charge upon the facts, and instructed the jury that culverts may usually be constructed imperfectly.   b—That this was a charge upon the facts, and overruled and instructed the jury that this culvert was constructed by the Southern Railway Company.   c—That in so charging and instructing the jury, his Honor erred, in that he violated section 26, article V., of the Constitution of 1895, which prohibits judges from charging juries in respect to matters of fact.   d—That in so charging, his Honor did not declare the law, as required by the Constitution, but, on the contrary, charged the jury in respect to matters of fact, contrary to the provisions of section 26, article V., of the Constitution, and expressed to them his opinion upon the evidence introduced in the case.

"7. Because his Honor erred in charging the following requests of the plaintiff, to wit: 'It is the duty of a railroad company to keep the culverts, fills and other property in repair, and if it fails to keep same in proper repair and damage results to contiguous land owners, the railroad company is guilty of negligence and is liable for such damages.' The error being, as it is respectfully submitted, that this was a charge upon the facts of the case, contrary to the provisions of section 26, article V., of the Constitution, which prohibits judges from charging juries on the facts, in that it indicated to the jury what facts would constitute negligence, and instructed them that the failure of a railroad company to keep culverts and fills in proper repair was negligence, irrespective of the question of reasonable and

ordinary care. It is further respectfully submitted, that this charge was erroneous, in that it overlooked the question as to whether the defendant constructed the culvert and fill in question, or whether there had been any demand or notice upon the defendant to abate the alleged nuisance before suit was brought, or whether the defendant, if the culvert and fill was constructed before it began to operate the road, had increased the same. But, on the contrary, indicated to the jury that, irrespective of these questions, the defendant would be liable in any event, if the culvert and fill were not kept in proper repair; whereas, it is respectfully submitted, that if this culvert was built and constructed before the defendant began to operate the road, then it could not be liable unless there was some demand or notice upon the defendant to abate the alleged nuisance before suit brought, or unless there was evidence that it had increased it.

"8. Because his Honor erred in not granting the motion for a new trial, there being no evidence to sustain the verdict, and in any event the evidence being so overwhelming in favor of the defendant, it was an abuse of discretion not to have so granted said motion."

We will now pass upon these grounds of appeal.

1. We hold that the Circuit Judge committed no error, as here pointed out in subdivisions one and two. The testimony offered by the plaintiff tended to show that while the culvert of the railroad was constructed by the original owner of the same, its lessee, the defendant, had three years before the accident, built an adjunct of brick to the stone culvert erected by its predecessor, which was the first to give way in May, 1901, and in its fall blocked up the mouth of the culvert, thus causing the damming up of the waters of Foster's Meeting House Branch; that although the defendant spent some time in the repairs of the road-bed at this point, yet it failed to remove the debris in the channel of its culvert, so that the water of the branch was dammed up three-quarters of a mile; and also that clay from its embankment was thrown into the channel of the

stream, thus enabling the second rainfall to assume heavy proportions, flooding plaintiff's land with mud, water and timber, destroying plaintiff's crops thereon and rendering his bottom land (fifteen or twenty acres) uncultivatable. These facts being in testimony, there was no error in the Circuit Judge when he refused a nonsuit.

2. When the Circuit Judge admitted testimony as to the effects of the water being dammed up by the culvert on the land of others up the said branch, he did not err, as this was one method by which the effect of the damming of the waters of the branch was made palpable. This exception is overruled.

3. There was no objection made as to the introduction of this testimony—it was, therefore, not reversible error.

4. If the bottom lands of the plaintiff could have been relieved by ditching, and that would have caused a reduction of plaintiff's damages, it was competent to show that such ditching would cost a good sum of money, and also that it would have been difficult to remove the mud precipitated upon it by the breaking of the culvert. This exception is overruled.

5. It is well settled law in this State that where a grantor has built a culvert and an embankment, that any defect in either must be referred to the original owner, and where the same have been transferred by the original owner, that the purchaser from such is not responsible for the defects of such culvert or embankment. The new owner or lessee must be requested or required to remove such obstructions before any liability attaches to the new owner or lessee. Howerevr, if the new owner or lessee shall change materially such culvert or embankment, and damage results therefrom, such new owner or lessee will itself become responsible. *Gentry* v. *The Railroad Company,* 38 S. C., 284, 16 S. E., 893; *Wallace* v. *Railroad Company,* 37 S. C., 335, 16 S. E., 35; *Townes* v. *City Council,* 52 S. C., 396, 29 S. E., 851; *Privett* v. *Railroad Company,* 54 S. C., 98, 32 S. E., 75; *DeLaney* v. *Railroad*

*Company*, 58 S. C., 357, 36 S. E., 699. This also covers the sixth ground.

It will be observed in reading the charge that the Judge was exceedingly careful in laying down this law, for he said: "For if a prior owner of the road had created it, the defendant is not responsible for it, unless it maintained it after a demand to abate it had been made. Or if the defendant increased it, was it guilty of the wrongful and negligent act specified in the complaint? If it was not, in the absence of any request or any increase in it, it is not responsible for its condition if maintained as originally constructed. If it just held it as the person who originally constructed it; if it held it just as it was originally maintained, without any request to move it, or without any increase in it, it is not responsible." We see no charging upon the facts by the Circuit Judge, nor did he express his opinion. We overrule these two grounds of exception.

7. We see no objection to the charge of plaintiff's request—the Judge's general charge took care of the defendant. This exception is overruled.

8. The Circuit Judge did not err in refusing to grant the motion for a new trial, for there was evidence to sustain the verdict. We do not see that the evidence is overwhelming in favor of the defendant, but we have no concern in a law case with the testimony. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, affirmed.