## 10562

### FOREMAN v. AUGUSTA-AIKEN RY. ETC. CORPORATION.

### (105 S. E. 893.)

1. WATERS AND WATERCOURSES—COMPANY NEGLIGENTLY CONSTRUCTING TRACK SO AS TO OBSTRUCT WATERS LIABLE; SUCCESSOR LIABLE ONLY ON NOTICE AND DEMAND.—Where a railroad corporation negligently constructs its track to obstruct the waters of a stream, so as to damage or endanger the property of adjoining owners such negligent construction is a nuisance, and the company is liable to the adjoining property owners for damages directly resulting therefrom; but if the company sells its roadbed and conveys to another company, the latter is not liable until notified of the nuisance and demand made upon it to remove or abate it.

2. WATER AND WATERCOURSES—ENGINEER OF DEFENDANT COMPANY NOT PROPER PARTY TO GIVE NOTICE OF NUISANCE CONSISTING OF EMBANKMENT.—In an action against the successor of a railroad company which obstructed with its track a watercourse, so as to undermine plaintiff's adjoining house and lot with overflow waters, the trial Court did not err in ruling out a question asked by plaintiff of defendant's superintendent of construction work as to whether or not an engineer did or did not advise the superintendent of defendant company that the bank should be done away with and the track lowered; the engineer not having been a party whose rights were or might be injuriously affected if the nuisance was not removed, so that he was not a proper party to give notice to the company.

3. APPEAL AND ERROR—EXCLUSION OF EVIDENCE AS TO PUNITIVE DAMAGES HARMLESS WHERE VERDICT WAS FOR DEFENDANT.—In an action against the successor of a railroad company which negligently constructed a bank, so as to overflow plaintiff's adjoining property, exclusive of question asked by plaintiff of defendant railroad's superintendent of construction work as to whether or not the engineer advised the superintendent of defendant company that the bank should be done away with, though claimed to have been competent to show wilfulness, held harmless to plaintiff, where the jury rendered verdict for defendant showing he was not entitled to actual damages.

4. DAMAGES — PUNITIVE DAMAGES NOT RECOVERABLE EXCEPT AFTER ACTUAL DAMAGE.—Before punitive damages can be recovered, plaintiff must show he has sustained actual damage.

5. RAILROADS—SUCCESSOR ROAD DID NOT ASSUME LIABILITY FOR SUBSEQUENT FLOODING BY BANK CONSTRUCTED BY GRANTOR.—Where one railroad company taking over the property of another agreed to pay

off all existing debts, obligations, and liabilities of its grantor, it did not assume, as an existing liability, a liability subsequently arising from damages to property adjoining a bank constructed by the grantor company which caused flooding of such property.

Before BOWMAN, J., Aiken, Spring term, 1920. Affirmed.

Action by T. L. Foreman against Augusta-Aiken Railway and Electric Corporation. From judgment for defendant, the plaintiff appeals.

The exceptions directed to be reported were as follows:

(3) The Court erred, it is respectfully submitted, in ruling out the question asked by appellant of the defendant's superintendent of construction work, as follows:

Q. You know that Elroy Smith is an engineer? A. Yes, sir. Q. Did he, or not, advise you or your company, to your knowledge now, that the bank should be done away with and the track lowered, in order to get around the disastrous effects of high water? Said question being proper, beacuse it was shown that this was before the freshet that injured plaintiff's property, and should have been admitted, not only on the question of wilfulness, and bringing the situation to the attention of the defendant company, but also to show that the defendant was negligent in not remedying this situation after demand.

(4) The Court erred, it is respectfully submitted, in charging the jury to the effect that if the first railroad embankment had been properly constructed, even though the water did come in and injure the plaintiff, he could recover nothing; the reason being that negligence is relative, and conditions may change, requiring changes in construction, and when it was testified that a levee had been built on the Georgia side, and a large dam on the South Carolina side,

on which side of the river the railroad ran, and when the water had become more treacherous, in that it came from unsuspected directions, and when it had been testified that the dam had washed away several times and had been built higher.

(5) The Court erred, it is respectfully submitted, in charging the jury that if the dam was not properly constructed at first, and the defendant made no change, he cannot recover, "but if the railroad company did make a change in building the embankment, and it came on the plaintiff, and was hurting him as a nuisance, he would have to give the company notice of the nuisance, and they would have to remove it," it being error, because one of the conditions of sale was that the purchasing company assumed all obligations and liabilities of the selling company, and if it was not properly constructed at first, the liability therefor and the obligation to properly construct it was assumed as one of the conditions of sale by the purchasing company; and this statement of the law by the Court was further erroneous in requiring notice to the defendant, even though it did make a change in the building of the embankment, for, if the railroad company did make a change in building the embankment, no notice would be required to fix liability upon it, the reason being that, aside from the conditions assumed by the purchasing company, the purchasing company could not make a change and then require notice before it became liable for damages resulting therefrom.

(6) The Judge, it is respectfully submitted, erred in charging that if the original creator of a nuisance resulting from the construction of a railroad embankment should sell its roadbed containing such nuisance, and conveyed it to another railroad company, and such purchaser thereof continues to use it, and maintain it in the same condition, or

without material alterations or changes thereon, then the purchaser thereof would not be liable for any damages caused thereby until after it is notified of the nuisance and a demand is made upon it to remove or abate the nuisance, and especially so when the Judge charges the jury that the defendant was not liable if it was not the original creator of the nuisance and did not materially increase the nuisance; the error being that this charge took no account of the covenant of the purchasing company to assume all liabilities and obligations, and it took away from the jury the question of considering whether the nuisance had been increased by using the word "material," and no demand was needed to bring the nuisance to the attention of the respondent, when the improper construction was repeatedly washed away, and put back by the defendant.

(7) The Court erred, it is respectfully submitted, in charging the jury as follows: "Mr. Williams: That is the point right there, if the Court please; if they rebuilt that dam, then they would be liable herein. The Court: Gentlemen, if the dam was destroyed, and they rebuilt it, and they did not use due care, and to rebuild it as it should have been, then they are responsible. Mr. Jackson: But if they simply repaired it, then they would not be liable. The Court: I took it for granted that the jury would understand that. If it was just for repairs, and they put it back as before, then they would not be liable in the Court."

Said charge being inconsistent and misleading, and giving the jury, it is respectfully submitted, the impression that the defendant could build its dam in any way it pleased, but so long as it was done, "just for repairs" the defendant would not be liable; whereas, the testimony was that the dam was washed away repeatedly, and rebuilt by the defendant with no regard for engineering, until finally after the injury to

the plaintiff, when the dam was properly constructed, and high water injured no one thereafter, and if the dam was washed away and defendant rebuilt it defendant would be held to proper construction.

(8) The Court erred, it is respectfully submitted, in charging the jury that the covenant in regard to the assumption by the purchasing company of the liabilities and obligations of the former company was for the benefit of the grantor company, and had no application to the plaintiff's rights in the case, as he was a stranger in law to the deed; whereas, the purchasing company had plainly said that it assumed the liabilities and obligations of the selling company, and the selling company certainly did owe to the plaintiff and its predecessors in title a duty to properly construct the dam, and there was a corresponding liability for a breach thereof, and if the benefit of the covenant would inure to the benefit of the selling company the appellant had the right to sue on account thereof, it is respectfully submitted.

(9) The judge erred, it is respectfully submitted, in charging the fourth request of the defendant; the error being that the plaintiff and his predecessors did not buy the lot subject to such injuries as he may sustain on account of said embankment, when it is in testimony that changes had been made in the embankment, and conditions had changed surrounding the same, and especially so when the question of proper construction was omitted entirely from the request.

*Mr. John F. Williams,* for appellant, cites: *Sale by one railway to another:* 1 Civ. Code 1912, sec. 3108. *Assumption by purchaser of liabilities included construction of dam with reasonable skill:* 67 S. C. 195. *Person continuing a nuisance is liable in some cases without notice:* 20 R. C. L. 393; 22 R. C. L. 22; 58 S. C. 357. *Liability of railway companies for wrongful construction of watercourses:* 1

Civ. Code 1912, sec. 3115. *Liability for nuisance after knowledge or notice*: 12 L. R. A. (N. S.) 571, and note; 41 A. S. R. 479.

*Messrs. Wright & Jackson* and *J. B. Salley,* for respondent, cite: *No damages recoverable as between grantees for nuisance created by common grantor*: 52 S. C. 404. *Must prove negligent construction to recover*: 34 S. C. 62; 83 S. C. 314. *Not liable for negligent construction by predecessor in title without notice and demand for abatement:* 54 S. C. 98; 58 S. C. 357; 67 S. C. 181; 72 S. C. 244. *Proof of precautions for future does not admit negligence in the past, and is admissible*: 144 U. S. 202, 207; 36 L. Ed. 405; 77 S. C. 73; 108 S. C. 349. *Persons entitled to enforce personal covenants*: 15 C. J., sec. 24, p. 1224; *Ib.,* sec. 85, p. 1260.

January 31, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff through the wrongful acts of the defendant, on account of the undermining of his house and lot by flood waters of the Savannah River, which broke through the railroad embankment of the defendant, ranging in height from 2 to 6 feet, and about fifty feet in front of his property. The jury rendered a verdict in favor of the defendant, and the plaintiff appealed upon exceptions which will be reported, except the first and second, which were abandoned.

His Honor, the presiding Judge, charged the jury: "That where a railroad corporation wrongfully and negligently constructs its railroad track so that it obstructs the waters of

a stream in a manner that it damages or endangers the property of the adjoining landowners, such negligent or wrongful construction, under the law, would be a nuisance, and the corporation constructing such nuisance would be liable to the adjoining property owner for the damages to his property flowing as a direct and proximate result thereof. But if the original creator of such nuisance should sell its roadbed containing such nuisance and convey it to another railroad corporation, and such purchaser thereof continues to use it, and maintains it in the same condition, or without material alterations or changes therein, then the purchaser thereof would not be liable for any damages caused thereby until after it is notified of the nuisance and a demand is made upon it to remove or abate the nuisance."

The ruling of his Honor, the presiding Judge, is fully sustained by the following decisions: *Privett v. Railway,* 54 S. C. 98, 32 S. E. 75; *DeLaney v. Railway,* 58 S. C. 357, 36 S. E. 699, 79 Am. St. Rep. 843; *Jones v. Railway,* 67 S. C. 181, 45 S. E. 188. The exception assigning error in said ruling, as well as other exceptions raising the same question in a different form, are, therefore, overruled.

We proceed to the consideration of the third exception.

The plaintiff's attorney, in discussing this exception concludes his argument with these words: "The defendant had taken the position that it had to have notice and demand for removal, and on this issue it was competent, as well as to show wilfulness."

The cases which we have cited are to the effect that the notice must be given by a party whose rights are or may be injuriously affected, if the nuisance is not removed, or rendered safe so as to accomplish the purposes of its creation. The engineer of the defendant had no such interest. In the

second place, the ruling was not prejudicial, as the plaintiff could not recover punitive damages; the jury having rendered a verdict for the defendant, thus showing that he was not entitled to actual damages.

Before punitive damages can be recovered, the plaintiff must show that he has sustained actual damages.

The last question for consideration is whether there was error on the part of his Honor, the presiding Judge, in ruling that the defendant was not liable, under the agreement between the defendant and its grantor, the Augusta-Aiken Railway Company, for the negligent construction by the latter of the roadbed in question.

The defendant agreed to pay off all the existing debts, obligations, and liabilities of its grantor. It cannot be successfully contended that the alleged cause of action herein was an existing liability of the defendant's grantor.

Affirmed.

MR. JUSTICE GAGE did not participate.